*738 The plaintiff, a federal prisoner, filed a petition seeking return of $190.85 he had turned over to the prison authorities but which had not been credited to his prisoner’s account. In the present posture of the case, the only issue is whether the plaintiff is entitled to attorney’s fees and costs. The defendant has moved for summary judgment, contending that the plaintiff is not entitled to those items. We agree, and dismiss the petition.
The plaintiff turned the money over to the prison authorities at the Metropolitan Correction Center in New York City in October 1978. When the plaintiff discovered that the money had not been credited to his prisoner account, he filed (allegedly in December 1978) an administrative claim for the amount under the Federal Tort Claims Act. He filed his present suit in September 1980, asserting that the claim had not been acted on. He sought the $190.85 plus interest, "the costs of this action and reasonable attorney’s fees.”
Two months later, according to the government, a prison officer presented the plaintiff with a voucher for $190.85. The plaintiff refused to sign it, stating that "he wanted additional money to reimburse him for xeroxing, attorney’s fees, and other efforts that he had put into recovering his loss.” Although the plaintiff denies that that was the reason he refused to sign the voucher, subsequent developments in the case and our disposition of it make it unnecessary to resolve that issue.
In April 1981, the penal institution at which the plaintiff then was confined received a Treasury check for $190.85 payable to the plaintiff, which it deposited to the plaintiffs commissary account.
The plaintiff now acknowledges that he is not entitled to interest, but he continues to seek attorney’s fees and costs. There is no statute that authorizes the award of attorney’s fees in this case, and without such authorization we cannot award them. J. E. Robertson Co. v. United States, 194 Ct. Cl. 289, 296-97, 437 F.2d 1360, 1364 (1971). With respect to costs, "as a matter of practice this court has not granted costs to any party.” Phillips v. United States, ante at 532. The $190.85 the plaintiff has received gives him everything to which he is entitled.
*739 The defendant s motion for summary judgment is granted, and the petition is dismissed.